Kraemer v. Leister.

# Edward Kraemer

### v.

# Gustav Leister.

*Master and Servant—Contract of Service—Wages—Recovery of—Default—Motion to Set Aside—Affidavit—Propositions of Law.*

1. It is proper after judgment to refuse a proposition of law.

2. In an action brought to recover a balance claimed to be due on account of wages, this court declines, in view of the evidence, to interfere with the judgment for the plaintiff.

[Opinion filed March 10, 1890.]

Appeal from the Circuit Court of Cook County; the Hon. Julius S. Grinnell, Judge, presiding.

Messrs. Rubens & Mott, for appellant.

Messrs. Kraus, Mayer & Stein, for appellee.

Garnett, J.   This action was commenced before a justice of the peace, on this agreement:

" Articles of agreement made between Edward Kraemer, party of the first part, and Gustav Leister, party of the second part, both of the city of Chicago, county of Cook and State of Illinois.   In consideration of the sum of one dollar in hand paid by Gustav Leister to said Edward Kraemer, the said Edward Kraemer promises to pay to the said Gustav Leister the sum of $400 one year after date hereof, and $200 one year and six months after the date hereof.   The said Gustav Leister agrees during one year after the date hereof to assist and attend faithfully to the business of the said Edward Kraemer according to his direction.   In witness whereof both parties have signed their names hereto.   Given Chicago, May 11, A. D. 1887.

" Edward Kraemer,
" Gustav Leister."

The action was brought by appellee May 23, 1888, to recover a balance of $135 remaining unpaid on the $400 installment. An erasure appeared upon the face of the paper, but it was admitted in evidence upon the testimony of appellee that such erasure was made before the execution of the instrument. Two defenses were set up: 1, that upon an accounting between the parties, after the making of the contract, there was found to be due appellant from appellee, on other transactions, the sum of $346.50; 2, that the contract when signed, required appellee to work for appellant one year and six months from its date; that the words, "and six months" had been erased by drawing over them heavy ink lines, after the execution of the contract, without appellant's knowledge or consent, and that appellee wrongfully left appellant's service at the expiration of the year.

There was a judgment before the justice in appellee's favor, from which Kraemer appealed to the Circuit Court. While pending there, a judgment was entered against appellant, no defense being made by him. To induce the court to set aside that judgment, appellant made and filed an affidavit setting up the particulars of his defense. The judgment was set aside and the case subsequently tried by the court without a jury and judgment given for appellee.

In the affidavit no mention was made of the erasure in the instrument sued on, nor of any agreement by appellee to serve appellant for eighteen months; and in setting forth therein the items of the account between the parties, only one item of appellant's credits agreed in amount with what he testified to on the trial in the Circuit Court, and that item appellee himself admitted. The total of the credits claimed by appellant in his affidavit was $173.50 less than the total testified to by him at the trial.

In giving his evidence, his efforts at explanation related solely to the items of the alleged account, but he made no explanation of his failure to state in the affidavit that there had been an agreement for eighteen months' service and that the written contract had been altered so as to reduce the time to one year. Clearly the production of the affidavit imposed

upon appellant a heavy burden. Whether his attempt to explain these widely divergent statements was successful or not was a question for the trial court, and with its determination thereof we are not disposed to interfere. What appellant relies upon as corroborating evidence we think not sufficient to warrant any different conclusion.

The proposition of law which was submitted by appellant to, and refused, by the court, was not submitted until after judgment rendered. The statute only permits such propositions to be submitted upon the trial. After judgment it is no error to refuse a sound proposition of law. The judgment is affirmed.                                    *Judgment affirmed.*