Allman v. Lumsden.

---

## James L. Allman et al. v. John Lumsden et al., Drainage Commissioners.

1. DRAINAGE DISTRICT—*Can Not be Questioned Collaterally.*—The validity of the organization of a Drainage District under Section 77 of the "Farm Drainage" Act (Laws 1885, 107) can not be questioned collaterally.

2. SAME—*Attaching Lands Benefited.*—Lands within the terms of Section 58 of the "Levee Act" (Hurd's Statutes, 1891, 571) may be attached to a drainage district, although they are situated in another district organized under another provision of the drainage laws. The only conditions required are that the lands are connected with the district by ditches or drains, or that they are, or will be, benefited by the work of the district.

3. PROPOSITIONS OF LAW—*When to be Presented.*—Under Section 41 of the Practice Act (R. S. 1893, Ch. 110), propositions of law must be presented before the case is decided.

**Memorandum.**—Drainage proceedings, commenced April 30, 1890, in the County Court of Champaign County, by the commissioners of Kankakee Drainage District, under Section 58, of the "Levee Act," providing that "any lands lying outside of the drainage district as organized, the owner or owners of which shall thereafter make connection with the main ditch or drain *or with any ditch or drain within* the district as organized, or whose lands *are or will be benefited* by the work of such district, shall be deemed to have made voluntary application to be included in such drainage district; and thereupon the commissioners shall make complaint in writing, setting forth description of land, name of owner, and file the same in County Court." Hearing and decree for petitioners; appeal to the Circuit Court; decree affirmed. The Hon. LYMAN LACEY, Judge, presiding. Defendants again appeal. Heard in this court at the November term, 1893, and affirmed. Opinion filed April 28, 1894.

APPELLANTS' BRIEF, S. R. REED AND J. L. RAY, ATTORNEYS.

The legality of the organization of a drainage district or any other corporation can not be attacked or inquired into by a collateral proceeding, and can only be inquired into by a direct proceeding in quo warranto. Evans v. Lewis, 121 Ill. 478; Trumbo v. The People, 75 Ill. 562; Osborn v. People, 103 Ill. 226; Blake v. People, 109 Ill. 508; Keigwin v. Drainage Commissioners, 115 Ill. 347; Bodman v. Lake Fork, 132 Ill. 439.

APPELLEES' BRIEF, WM. B. WEBBER AND JOHN J. REA, ATTORNEYS.

Whoever makes an affirmative allegation must prove it by a preponderance of all the evidence in the case or the finding will be against him. Messmore v. Larson, 86 Ill. 268; Watt v. Kirby, 15 Ill. 200; Bonnell v. Wilder, 67 Ill. 327; Union National Bank v. Baldenwick, 45 Ill. 375.

It being incumbent upon appellants to establish a *de facto* corporation by evidence, it therefore follows that appellees had a right to combat their evidence and deny the existence of such corporation, and that is just what was done in this case.

Quo warranto proceedings are never required when the matter in question is the existence of a corporation. Such proceeding being necessary only when the legal existence of such corporation is in question, and not whether such corporation exists in fact. Osborn v. The People ex rel., 103 Ill. 224.

Mr. Justice Wall delivered the opinion of the Court.

This case was here at a former term—48 Ill. App. 17. The questions then discussed concerned only the propriety of an appeal from the County to the Circuit Court, but as the scope of the proceeding was then fully stated, it need not be repeated now. Having been remanded, the case was tried in the Circuit Court and a judgment was entered according to the prayer of the petition from which an appeal has been perfected to this court. The question before the Circuit Court was mainly as to the facts, that is, whether the owners of the lands involved had connected with the ditches or drains of the Kankakee Drainage District, or whether their lands had been or would be benefited by the work of said district, so that such owners were to be deemed as having made voluntary application to be included in the district.

On this question the proof is conflicting and considerable testimony was adduced on each side. It would require no little time and space to refer in detail, or even generally, to the evidence of the various witnesses, and as no good purpose could be accomplished thereby it is unnecessary to do so. It is very clear that as to some of the lands the finding of the Circuit Court is supported by the proof and we can not say that it is not so as to any. Certainly, we think the conclusion should not be disturbed upon this ground.

Another point before the court was as to the effect of the organization of a mutual drainage district, under the provisions of Section 77 of the Farm Drainage Act.

It is argued that the validity of that organization can not be questioned collaterally; that it is a de facto district, and whether it exists de jure is not material. Admitting this to

be so it does not follow that the lands may not be attached to the Kankakee district. If they are within the terms of section 58 they may be attached although they are also in another district organized under another provision of the drainage laws. The language of that section is very broad, and the only conditions required are that the lands are connected with the district by ditches or drains, or that they are or will be benefited by the work of the district.

The section does not in terms or by implication except the case of lands that may already be organized in another district under other provisions. It may well be that a district organized under the levee act as this was, might afford special drainage useful to adjoining lands, having more limited facilities and organized under the farm drainage act. If so, it is but just that lands so benefited should contribute their due proportion to the expense.

There is much to induce belief that the only object of the parties in maintaining the mutual drainage district was to evade the provision of section 58, under which the present proceeding was instituted, but if the view just expressed is correct it is immaterial to consider that point or the effect that might follow if it should be found that such was the purpose, and that there had in fact been no *bona fide* user under that organization.

The brief of appellant calls attention to the rulings of the court in reference to certain propositions of law presented by appellant. It appears that these were not presented until after the case was decided—though it was provided in the order granting the appeal and extending the time for filing the bill of exceptions that propositions of law might be presented within forty days.

The Practice Act, Section 41, clearly intends that such propositions shall be presented before the case is decided, otherwise their proper use would be impossible. Carlyle, W. L. & P. Co. v. City of Carlyle, 31 Ill. App. 325; Kramer v. Liester, 35 Ill. App. 391. We must therefore decline to consider the points urged under this assignment of error.

Cross-errors are assigned by the appellees on the ground

that the action of the County Court was final, and if not that the appeal was improperly taken to the Circuit Court. It is unnecessary to repeat what was said on these points when the case was before us on the former appeal. The cross-errors are overruled.

The judgment of the Circuit Court is affirmed.